The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Nance. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
* * * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. The parties are subject to and bound by the provisions of the Workers' Compensation Act.
2. The employer-employee relationship existed between plaintiff and defendant-employer.
3. Defendant was a qualified self-insurer.
4. The average weekly wage was $294.58.
The parties stipulated to the Form 19 and also stipulated that defendant paid plaintiff short term disability benefits at the rate of $191.48 per week from 30 June 1993 until 5 December 1993, and long term disability benefits at the rate of $829.21 a month from 5 December 1993 to the present.
* * * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. Plaintiff is a 39-year-old high school graduate.
2. Plaintiff was employed by defendant from 1989 to 1993 as a assembly line worker. This was a production job and involved using both hands, right more than left, to pull down a power screw driver to assemble various power tools manufactured by defendant. Production was 225 to more than 300 tools per day.
3. In 1992 plaintiff began to experience pain, swelling and numbness in her hands and wrists which she attributed to her work on the assembly line. Bilateral carpal tunnel syndrome was diagnosed and plaintiff underwent a release on the left and then on the right. Plaintiff's left hand improved with surgery and she retains no permanent disability in her left hand. Plaintiff has continued to experience persistent problems in her right hand, has undergone extensive therapy, and retains a 22 percent disability to the right hand. She has not been able to return to work.
4. Plaintiff's employment with defendant on the assembly line was a significant contributing factor in her development of bilateral carpal tunnel syndrome.
5. There is insufficient evidence of record (none) for the undersigned to find by its greater weight that plaintiff's employment with defendant on the assembly line placed her at an increased risk of developing bilateral carpal tunnel syndrome, as compared to members of the general public not so employed.
* * * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSION OF LAW
Plaintiff has failed to present sufficient evidence to find that she suffers an occupational disease compensable under the North Carolina Workers' Compensation Act. In order for carpal tunnel syndrome to be a compensable occupational disease, plaintiff must show, pursuant to N.C. Gen. Stat. § 97-53 (13), not only that her employment caused or was a significant contributing factor to the development of carpal tunnel syndrome, but also that her employment placed her at an increased risk of developing carpal tunnel syndrome when compared to members of the general public not so employed. In order for a disease to be compensable, it must be proven to be due to causes and conditions which are characteristic of and peculiar to a particular trade, occupation or employment, and not an ordinary disease of life to which the general public is equally exposed outside the employment. Increased risk cannot be inferred by the fact finder just because the job involves some repetitive use of the upper extremities. This is a question for the doctor to answer, and he was not even asked. Therefore, plaintiff's claim must be denied.
* * * * * * * * * * * *
Based on the foregoing findings of fact and the conclusion of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Plaintiff's claim is hereby denied.
2. Each side shall pay its own costs.
 S/ _________________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/ _________________________ BERNADINE S. BALLANCE COMMISSIONER
S/ _________________________ JAMES J. BOOKER COMMISSIONER